IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENNIS GUY CLARK, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br>  ) | Case Nos.   CV-06-07-E-BLW <br>                        CR-98-76-E-BLW <br><br> **MEMORANDUM DECISION** <br> **AND ORDER** |

Pending before the Court is Petitioner's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1). For the reasons set forth below, the Court finds that Petitioner is not entitled to relief and his Motion is dismissed.

## BACKGROUND

On February 19, 1999, a jury convicted Petitioner of five counts of drug distribution and firearm offenses. Docket No. 124. On June 7, 1999, he was sentenced to a term of imprisonment of 293 months. Docket No. 175.

Following a timely appeal, the Ninth Circuit affirmed Petitioner's conviction in a published opinion *United States v. Clark*, 218 F.3d 1092 (9th Cir.) *cert. denied*, 121 S. Ct. 668 (2000). Docket No. 184. Petitioner thereafter filed a timely § 2255 Motion alleging various claims including a challenge to a career offender

**Memorandum Decision and Order - 1**

enhancement under 18 U.S.C. § 924(e) brought in the context of ineffective assistance claim.  Docket No. 191.  The Court denied the § 2255 Motion stating in relevant part that the failure of defense counsel to challenge the enhancement was not ineffective assistance because prior convictions underlying the enhancement were not required to be proven to a jury beyond a reasonable doubt.  Docket No. 218.  Petitioner subsequently filed a request for a certificate of appealability which was denied by this Court on September 29, 2003.  Docket No. 249.

On January 11, 2006, Petitioner filed the instant § 2255 Motion and supporting Memorandum.  Reading the Motion and the Memorandum together, it appears that Petitioner is again challenging the career offender enhancement, this time based on *United States v. Booker*, 125 S.Ct. 738 (2005), *Shepard v. United States*, 125 S.Ct. 1254 (2005), and *United States v. Dodd*, 125 S.Ct. 2478 (2005).  Petitioner is aware that *Booker* and *Shepard* have not been made retroactive to cases on collateral review.  However, in reliance on *Dodd*, Petitioner seeks to preserve his claim in the event *Booker* or *Shepard* is made retroactive.  He also requests resentencing.

## APPLICABLE LAW AND DISCUSSION

*Booker* extended the rules of *Apprendi* and *Blakely* and invalidated the

**Memorandum Decision and Order - 2**

federal sentencing guidelines to the extent that they were mandatory and reiterated that any fact on which a sentence is based, other than a prior conviction, must be admitted by the defendant or found by a jury beyond a reasonable doubt. *Booker*, 125 S.Ct. 756. Because a sentence based on judge-found facts applied to a mandatory sentencing scheme was unconstitutional, *Booker* rendered the guidelines advisory to avoid the constitutional problem. *Id.* at 764. The Ninth Circuit subsequently provided a limited remand procedure to be followed for resentencing when warranted in cases pending on direct review at the time of the *Booker* decision. *United States v. Ameline*, 409 F. 3d 1073, 1084-85 (9th Cir. 2005) (en banc). Presumably this is the resentencing Petitioner is requesting.

*Shepard*, on the other hand, held that (1) guilty pleas may establish predicate offenses for the career offender enhancement set forth in 18 U.S.C. § 924(e); and (2) the sentencing court is limited to considering the terms of the charging document, the terms of the plea agreement or the transcript of the plea hearing colloquy confirming the factual basis of the plea, or some "comparable judicial record" of the information to determine whether an earlier guilty plea admits and supports a conviction for generic burglary. *Shepard*, 125 S. Ct. at 1263. Presumably, Petitioner is challenging the career offender enhancement by suggesting that the predicate offenses to the enhancement to his sentence were not

**Memorandum Decision and Order - 3**

properly proven.

Petitioner's Motion is barred on the alternative grounds that this Court lacks jurisdiction to hear the claim or because the statute of limitations has run.

### A.    Lack of Jurisdiction

This is the second time Petitioner has attempted to set aside his sentence on the grounds that the sentence was unconstitutionally based on facts not found by a jury beyond a reasonable doubt.  If the "basic thrust or gravamen" of the motion is the same as the one previously dismissed, the motion is successive even if supported by new arguments.  *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) (quoting *United States v. Gutierrez*, 116 F.3d 412, 416 (9th Cir. 1997) and *Molina v. Rison*, 886 F.2d 1124 (9th Cir. 1989)).  Although Petitioner's first § 2255 Motion challenged the career offender enhancement issue in the context of an ineffective assistance of counsel claim, his second § 2255 Motion simply challenges the same enhancement on different theories.

Section 2255, ¶ 8(2), provides that a second or successive § 2255 motion must be certified by the appropriate court of appeals to contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  Rule 9 of the Rules Governing Section 2255 Proceedings directs the moving party to obtain an order from the court of

**Memorandum Decision and Order - 4**

appeals pursuant to § 2255,¶ 8(2), authorizing the district court to consider the motion before filing a second or successive motion.

Because Petitioner has essentially asserted the same claim, albeit under *Booker* and *Shepard*, his current claim is successive. Because Petitioner did not obtain the requisite certification from the Ninth Circuit, this Court lacks jurisdiction to consider Petitioner's claim.

### B.  Statute of Limitations

Even assuming the Court had jurisdiction to consider Petitioner's § 2255 Motion, Petitioner would not be entitled to relief.

Section 2255, ¶ 6, provides that a one-year period of limitation runs from the latest of several potential dates including "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255, ¶ 6(3).

Petitioner recognizes in his supporting Memoranda that *Booker* and *Shepard* have not been made retroactive, and that if they are, the period will begin to run from the date those cases were decided rather than the date they are made retroactive. *See United States v. Dodd*, 125 S. Ct. 2478, 2482 (2005). *Booker* was decided on January 12, 2005, and *Shepard* was decided on March 7, 2005.

**Memorandum Decision and Order - 5**

Therefore, the statute of limitations began to run on those dates.  For precisely that reason, Petitioner seeks to preserve his claim should *Booker* and *Shepard* ultimately be made retroactive.[1]

More than a year has passed since *Booker* was decided, and it has not been made retroactive to cases on collateral review.  Accordingly, Petitioner's claim under *Booker* would be barred if it is later made retroactive.  Almost a year has passed since *Shepard* was decided.  In the unlikely event that it is made retroactive, his claim under *Shepard* would be barred unless it was made retroactive prior to March 7, 2006.  Petitioner's attempt to preserve his claim by filing before the expiration of those limitation periods must fail.  *Dodd* did not make a provision for such a preservation of rights.  To the contrary, *Dodd* recognized the "potential for harsh results" and left it to Congress to amend the statute if it believes it "unduly restricts" the ability to file second or successive motions.  *Id.* at 2483.  As the Court explained,

> We recognize that the statute of limitations in ¶ 6(3) makes it difficult for applicants filing second or successive § 2255 motions to obtain relief.  The limitation period in ¶ 6(3) applies to "all motions"

---

[1] The Ninth Circuit, and other circuits to decide the issue, determined that *Booker* announced a new procedural rule that was not "watershed" rule requiring retroactivity to cases on collateral review.  *United States v. Cruz*, 423 F.3d 1119, 1120 (9th Cir. 2005).  Rather than engaging in a *Teague* analysis of *Shepard* to determine whether it announced a rule subject to retroactivity, the Court is assuming so <u>only</u> for purposes of disposing of Petitioner's claim under the theory he advanced.

**Memorandum Decision and Order - 6**

under § 2255, initial motions as well as second or successive ones. Section 2255, ¶ 8(2), narrowly restricts an applicant's ability to file a second or successive motion. An applicant may file a second or successive motion only in limited circumstances, such as where he seeks to take advantage of "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255, ¶ 8(2). Dodd points out that this Court rarely decides that a new rule is retroactively applicable within one year of initially recognizing that right. Thus, because of the interplay between ¶¶ 8(2) and 6(3), an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year.

*Id.*

If the Supreme Court had contemplated a method of preserving claims, it would not have addressed the potential harshness of the result of its decision. Rather, it concluded that "[t]he disposition required by the text here, though strict, is not absurd." *Id.*

## CONCLUSION

For the foregoing reasons, the Court concludes that it lacks jurisdiction to consider Petitioner's § 2255 Motion. Alternatively, even if the Court did have jurisdiction, Petitioner's attempt to preserve his claim has no merit and his claim is barred by the statute of limitations.

## ORDER

**Memorandum Decision and Order - 7**

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1) is DISMISSED with prejudice.



DATED: **March 7, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 8**